Kenyatta ALEXANDER, Petitioner—Appellant,

v.

Brian E. BELLEQUE, Active Superintendent of OSP, Respondent—Appellee.

No. 04–36017.

D.C. No. CV–02–01648–TM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 13, 2005.

Anthony David Bornstein, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before FISHER, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Kenyatta Alexander appeals the district court's denial of his petition for a writ of habeas corpus, which petition claims the Oregon State Board of Parole and Postprison Supervision ("Board") violated the Ex

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Post Facto Clause of the Constitution in denying him a paroled release. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Because the parties are familiar with the facts and procedural history of the case, we do not recite them in detail here except as necessary to our decision.

## I. Standard of Review

We review the district court's denial of a writ of habeas corpus de novo. *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003). Because Alexander filed his petition for federal habeas corpus relief on December 9, 2002, his petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the federal courts cannot grant habeas relief unless the state court's adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## II. Alexander's *Ex Post Facto* Claim

Alexander argues the Board violated the Ex Post Facto Clause in retroactively applying O.R.S. § 144.228 (1993) to postpone his release on parole. To establish an ex post facto violation, Alexander must show that (1) the board retroactively applied the amended statute and (2) the amended statute "produce[d] a sufficient risk of increasing the measure of [his] punishment." *Cal. Dept. of Corrections v. Morales*, 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). This court has held a parole board's exercise of discretion violates the Ex Post Facto Clause when the parole board employs "a discretionary scope it did not possess under the statute in effect when [the prisoner] committed his crimes," and the amended statute creates a significant risk of increased punishment. *Brown v. Palmateer*, 379 F.3d 1089, 1094—95 (9th Cir.2004).

Alexander claims that, at his 1996 parole hearing, the Board was required to give him a release date under O.R.S. § 144.228 (1989), the version in effect when he committed his crime. Since the Board did not set a release date at the parole hearing, Alexander argues that the Board must have applied O.R.S. § 144.228 (1993). In support of his argument, Alexander notes that the Board's initial findings in July 1996 tracked the language of the 1993 amendment.

Under O.R.S. § 144.228 (1989), the board was required to set a release date for the prisoner "if the condition which made the prisoner dangerous is absent or in remission." O.R.S. § 144.228(1)(b) (1989). After the 1993 amendment, the board is required to set a release date "if the board finds the prisoner no longer dangerous ..." O.R.S. § 144.228(1)(b) (1993).

Here, the psychologists who evaluated Alexander shortly before his 1996 parole hearing opined that Alexander continued to show signs of antisocial personality disorder. Both psychologists also concluded that Alexander posed a danger to others in some degree. The evidence before the Board allowed it to refuse release under both the 1989 and 1993 statutes, and the Board expressly stated that it found Alexander unsuitable for release under either version of the statute. Alexander is unable to establish the first prong of an ex post facto violation because he has not proven that the statute was applied retroactively. Therefore, the district court here correctly determined the Board's action did not violate the Ex Post Facto Clause of the Constitution.

We AFFIRM the district court's denial of a writ of habeas corpus.